**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SUN SUN LIN,<br><br>          Plaintiff - Appellant,<br><br>     v.<br><br>MELLON LONG TERM DISABILITY<br>PLAN, an ERISA plan,<br><br>          Defendant - Appellee. | No. 09-55434<br><br>D.C. No. 8:08-cv-00107-DOC-AN<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Argued and Submitted May 5, 2010
Pasadena, California

Before: NOONAN, CLIFTON and BYBEE, Circuit Judges.

     Plaintiff-appellant Sun Sun Lin ("Lin") appeals the district court's grant of

summary judgment in favor of defendant-appellee Mellon Long Term Disability

Plan ("the Plan").  Because the Plan Administrator—the Corporate Benefits

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Committee ("CBC")—neither interpreted the Plan unreasonably nor abused its discretion in determining that Lin was not totally disabled, we affirm.

Lin argues that the CBC failed to provide her with a full and fair review of the denial of her claim for long term disability benefits. Lin points to § 6.5(a)(2) of the Plan, which provides that the CBC "shall take into account all comments, documents, records, and other information submitted by the participant relating to the Claim, without regard to whether such information was submitted or considered in the initial benefit determination."[1] According to Lin, the CBC ran afoul of § 6.5(a)(2) because it did not directly consider certain documents relating to an earlier determination that Lin was totally disabled under a less stringent definition of total disability.[2] Lin relies on a statement by the Plan's attorneys "that

---

[1] Section 6.5(a)(2) mirrors the language of 29 C.F.R. § 2560.503-1(h)(2), which states that "the claims procedures of a plan will not be deemed to provide a claimant with a reasonable opportunity for a full and fair review of a claim and adverse benefit determination unless the claims procedures . . . (iv) Provide for a review that takes into account all comments, documents, records, and other information submitted by the claimant relating to the claim, without regard to whether such information was submitted or considered in the initial benefit determination."

[2] In 2004, the Plan found Lin to be totally disabled from performing the essential duties of her own occupation. Under the terms of the Plan, after two years of benefits under the "own occupation" definition of total disability, benefits are provided only if the claimant is determined to be totally disabled under the more exacting "any occupation" standard.

the CBC did not directly consider those documents in making its determination to deny [Lin's] claim," but did "'indirectly' consider[] these documents to the extent they were reviewed and considered by" an independent medical examiner retained by the CBC in its review of Lin's appeal.

The Plan does not, by its terms, contain any "direct[] consider[ation]" requirement. Rather, § 6.5(a)(2) of the Plan requires the CBC to "take into account all comments, documents, records, and other information submitted by the participant relating to the Claim." The CBC fully complied with this requirement: in its letter of October 29, 2007, advising Lin that it was rejecting her appeal, the CBC stated that "[i]n making [its] determination, the CBC considered [Lin's] entire administrative record, including information [Lin] submitted on appeal and the report of an independent medical professional." Moreover, § 6.5(a)(3) provides that the CBC "shall, in the event of an appeal of any Adverse Benefit Determination that is based in whole or in part on medical judgment, consult with a Health Care Professional who has appropriate training and experience in the field of medicine involved in the medical judgment." Here, the CBC designated an independent medical expert to review all documents submitted by Lin, and then directly reviewed the medical expert's report as well as other documents. The

CBC did not interpret § 6.5(a)(2) as requiring it to directly review each and every document considered by the independent medical expert.

The Plan unambiguously delegates discretion to the CBC, so we review the CBC's interpretation of the Plan and its determination that Lin was not totally disabled for abuse of discretion. *Kearney v. Standard Ins. Co.*, 175 F.3d 1084, 1090 (9th Cir. 1999) (en banc). We must defer to the CBC's decisionmaking "unless it [wa]s not grounded on *any* reasonable basis." *Sznewajs v. United States Bancorp Amended & Restated Supplemental Benefits Plan*, 572 F.3d 727, 734-35 (9th Cir. 2009). In light of the plain language of the Plan, which provides that the CBC need only "take into account," not "directly consider," all documentation, and which actually *requires* that the CBC consult an independent expert on questions of medical judgment, the CBC did not abuse its discretion in "indirectly consider[ing]" certain medical documents relating to an earlier benefits determination under a different disability standard. Moreover, the record makes clear that the CBC had a reasonable basis for determining that Lin was not totally disabled under the Plan's "any occupation" standard.

AFFIRMED.